UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSH WEGAT and JEFF PUGLISI, *individually, and on behalf of others similarly situated*,<br><br>　　　Plaintiffs,<br><br>v.<br><br>PROSTEAM CARPET CARE LLC,<br><br>GINA E. KROHN,　　and<br><br>JAMES F. KROHN, II,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. _____<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>) |

# COMPLAINT

COME NOW Plaintiffs Josh Wegat and Jeff Puglisi, individually and on behalf of all others similarly situated, and for their Complaint against Defendants Prosteam Carpet Care, LLC ("Prosteam"), Gina Krohn, and James F. Krohn, II ("Jim Krohn") (collectively referred to as "Defendants"), state and allege as follows:

## Nature of Case

1.  This is a collective action filed by Plaintiffs on behalf of themselves and others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, attorneys' fees, and other relief from Defendants for violations of the Fair Labor Standards Act ("FLSA"). In addition, Plaintiffs bring individual claims for unpaid overtime wages under the Missouri Minimum Wage Law, Section 290.500 R.S.Mo., *et seq*. ("MMWL").

2.  Defendants are engaged in the business of residential and commercial cleaning of flooring and upholstery, with a specific focus on carpet cleaning. Defendants employ technicians to perform cleaning services for Defendants' customers. Plaintiffs, and those similarly situated, have performed work for Defendants as technicians.

1

3. During the relevant time periods preceding this action, Defendants suffered and/or permitted their technicians to work overtime hours, yet such technicians did not receive overtime pay as required by law. By virtue of a policy or practice of unlawfully misclassifying their technicians as "independent contractors," Defendants violated the rights of Plaintiffs and others similarly situated by failing and refusing to provide them with overtime pay in workweeks that they worked overtime hours. Plaintiffs, on behalf of themselves and all other similarly situated technicians, seeks to recover unpaid overtime wages under the FLSA ("FLSA").

## Jurisdiction and Venue

4. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of Plaintiffs and other similarly situated workers is based on 29 U.S.C. § 216(b) and 29 U.S.C. § 1331. This Court also has jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367.

5. Missouri law authorizes court actions by private parties to recover damages for violation of the MMWL, R.S.Mo. § 290.500 *et seq.* Jurisdiction over Plaintiffs' state law claims is based on 28 U.S.C. § 1367 and R.S.Mo. § 290.527.

6. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because Defendants do business in this district and employ workers to work in this district, and because substantial unlawful conduct giving rise to the claims occurred in this district.

## Parties

7. Plaintiff Josh Wegat resides in St. Charles, Missouri, and he previously worked for Defendants from September 2015 until July 2016. A copy of Plaintiff Wegat's consent-to-join form is attached hereto as Exhibit 1.

8. Plaintiff Jeff Puglisi resides in St. Charles, Missouri, and he previously worked for Defendants from October 2014 until June 2016. A copy of Plaintiff Puglisi's consent-to-join form is attached hereto as Exhibit 2.

9. Plaintiffs bring Count I of this lawsuit as a collective action under the FLSA on behalf of themselves and all other similarly situated workers, including technicians, employed by Defendants in the last three (3) years.

10. Plaintiffs bring Count II of this lawsuit under R.S.Mo. § 290.500 *et seq.* in their respective individual capacities to recover unpaid overtime wages.

11. Defendant Prosteam Carpet Care, LLC is a Missouri limited liability company with its principal place of business located in St. Charles, Missouri.

12. Defendant Gina Krohn is an "employer" of Plaintiffs and those similarly situated, within the FLSA's broad definition, as she is an owner, member, and/or officer of Defendant Prosteam Carpet Care, LLC, and maintains operational control of that entity's day-to-day functions. Defendant Gina Krohn possesses and exercises the authority to hire, fire, and discipline workers of the entity Defendant, she makes decisions regarding the personnel policies and practices of the company, and/or she makes decisions regarding the pay provided to workers of the company, including but not limited to the pay practices relevant to Plaintiffs' claims alleged herein.

13. Defendant James F. Krohn, II ("Jim Krohn") is an "employer" of Plaintiffs and those similarly situated, within the FLSA's broad definition, as he is an owner, member, and/or officer of Defendant Prosteam Carpet Care, LLC, and maintains operational control of that entity's day-to-day functions. Defendant Jim Krohn possesses and exercises the authority to hire, fire, and discipline workers of the entity Defendant, he makes decisions regarding the personnel policies

and practices of the company, and/or he makes decisions regarding the pay provided to workers of the company, including but not limited to the pay practices relevant to Plaintiffs' claims alleged herein.

14. Defendants, combined, are a joint employer of Plaintiffs and those similarly situated under the FLSA.

## General Allegations

15. Plaintiffs, and those similarly situated, are technicians currently or formerly employed by Defendants.

16. Plaintiffs, along with those similarly situated, were misclassified unlawfully as independent contractors and were paid by the job.

17. The hours worked by Plaintiffs and those similarly situated were not recorded by Defendants; expenses for travel and related work expenses were not fully reimbursed; and overtime pay was not paid for all hours worked in a workweek in excess of forty (40) hours per workweek.

18. By failing to record, report, and/or preserve accurate records of hours worked by Plaintiffs and other similarly situated employees, Defendants have failed to make, keep, and preserve records with respect to each of their workers/employees sufficient to determine their employee wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

19. Plaintiffs and those similarly situated regularly worked long hours per day and per workweek in order to complete jobs assigned to them by Defendants.  Plaintiffs and other similarly situated employees worked in excess of forty (40) hours per week on a regular basis.

20. At the time of being hired by Defendants, Plaintiffs had no previous experience working in Defendants' industry. Plaintiffs and other similarly situated workers were required by Defendants to undergo initial training by doing a "ride-along" with an experienced technician for multiple days, and Defendants provided no pay for this required initial training. After their initial training, Plaintiffs and other similarly situated workers received ongoing training/instruction from Defendants as to how to perform their job.

21. Plaintiffs and those similarly situated were required to wear shirts imprinted with the logo of Prosteam, and were required to present themselves as representatives of Prosteam. Plaintiffs and similarly situated technicians were required to operate vehicles owned/provided by Defendants that had "Prosteam" signs on them. Once they arrived at each job location, Plaintiffs and other similarly situated technicians were required by Defendants to hand out Prosteam refrigerator magnets and business cards, and to hang Prosteam advertising materials on the front doors of neighboring houses.

22. Defendants exercised absolute control over the manner and means in which the work of Plaintiffs and other similarly situated employees was performed. On a daily basis, Defendants required Plaintiffs and other similarly situated workers to arrive at Defendants' business location to pick up company vehicles/equipment and undertake other preparatory activities. Then, Defendants required Plaintiffs and others similarly situated to travel to locations designated by Defendants, at times designated by Defendants, to perform work on cleaning jobs arranged by Defendants. The work performed by Plaintiffs and other similarly situated technicians is based on instructions from Defendants on where to go, when to arrive, and how to perform the cleaning services. At the end of each shift, Defendants required their technicians to return Defendants' vehicles back to Defendants' shop, turn in paperwork for that day's work, and engage

5

in other various duties, including cleaning tools/equipment, cleaning out vehicles, rolling hoses, and making sure the gas tank is full on vehicles.

23. The work hours of Plaintiffs and similarly situated technicians were determined by Defendants and the jobs that Defendants assigned, and not by the workers. Defendants' workers do not have the ability to turn down job assignments. Defendant Gina Krohn specifically told Plaintiffs that they were not allowed to refuse assigned jobs. Plaintiff Jeff Puglisi complained about this to Defendant Gina Krohn, and stated that if he were a true 1099 independent contractor, he should have the right to refuse jobs. In response, Defendant Gina Krohn said to Plaintiff Puglisi that he could find another job if he wanted to, and that he would be fired if he refused a job assignment while employed by Defendants.

24. Per Defendants' policy and practice, if a customer's carpet has to be re-cleaned, the technician originally assigned to that job either has to return to the customer's location and re-clean the carpet for no additional pay, or Defendants send another technician to do the re-clean job and pay that other technician a fee, and then the fee is deducted from the paycheck of the original technician.

25. Plaintiffs and other similarly situated technicians were required by Defendants to take Defendants' company vehicles and other equipment to a third party shop for repairs and wait for the vehicles to be repaired, and they were not compensated for that work time.

26. Plaintiffs and other similarly situated technicians were required by Defendants to visit potential customer locations to "bid" jobs. Plaintiffs and other similarly situated technicians were not compensated for that work time.

27. Plaintiffs and other similarly situated technicians were required by Defendants to attend mandatory sales meetings, and they were not compensated for that work time.

6

28. The ability of Plaintiffs and other similarly situated employees to earn compensation did not depend on their managerial skill.

29. Plaintiffs and other similarly situated employees did not invest money in the equipment or materials needed to perform their job for Defendants.  Rather, Defendants provided the necessary equipment and tools, such as vehicles, carpet steamers, chemicals, wands, etc.

30. The services rendered by Plaintiffs and other similarly situated employees do not require specialized skill or advance training.  Rather, most, if not all, of Defendants' technicians had no previous relevant work experience or training prior to being hired by Defendants, and were assigned jobs to perform only after participating in a few days of "ride-along" training required/provided by Defendants.

31. Technicians employed by Defendants are not true independent contractors, in that they do not change jobs often to perform the same type of work for other employers.

32. The services rendered by Plaintiffs and other similarly situated employees are an integral part of Defendants' business.  Defendants' primary business involves steam cleaning carpets, and that is the primary work that was performed by Plaintiffs and other similarly situated employees.

33. In addition to failing and refusing to pay overtime pay for time spent working on assigned cleaning jobs, Plaintiffs and other similarly situated employees were not compensated at all for time they spent on other work related tasks, such as travel time, time in meetings/training, time spent performing preparatory tasks at Defendants' shop at the beginning of the work day, time spent performing tasks at Defendants' shop at the end of the work day, time spent obtaining repairs on Defendants' equipment, time spent at potential customer locations for job bids, etc.

34. As a result of being misclassified unlawfully as independent contractors, Plaintiffs and other similarly situated employees were denied overtime pay unlawfully, in violation of the FLSA.

35. The deliberate failure of Defendants to pay Plaintiffs and those similarly situated their earned wages and overtime compensation violates the FLSA.

36. The net effect of the policies and/or practices maintained and administered by Defendants, instituted and approved by company managers, is that Defendants willfully failed to pay wages owed and willfully failed to keep accurate time records to save payroll costs. Defendants thus enjoyed ill-gained profits at the expense of its workers.

37. Defendants' conduct amounts to a willful violation of the FLSA.

### Collective/Class Allegations

38. Plaintiffs bring this case as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a consent to join form with the Court.

39. Plaintiffs, individually and on behalf of other similarly situated technicians employed by Defendants within the last three years, seek relief on a collective basis, challenging, among other FLSA violations, Defendants' practice of unlawfully misclassifying workers as independent contractors and failing to accurately record, and pay for, all overtime hours worked. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may be notified easily and quickly of the pendency of this action.

### Count 1:  Violation of the Fair Labor Standards Act of 1938

40. Plaintiffs reassert and re-allege the allegations set forth above.

41. At all times material herein, Plaintiffs and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA.

42. The FLSA regulates, among other things, the payment of overtime to workers, such as Defendants' technicians, who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

43. Defendants are subject to the overtime pay requirements of the FLSA because they are an enterprise engaged in interstate commerce, and in working for Defendants, Plaintiffs and others similarly situated were engaged in interstate commerce. Further, upon information and belief, Defendants, individually and/or collectively, are an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

44. Defendants violated the FLSA by failing to provide Plaintiffs and other similarly situated workers with overtime pay.

45. Plaintiffs and all similarly situated technicians are victims of a uniform compensation policy and/or practice whereby Defendants unlawfully misclassified workers as independent contractors and failed and refused to pay them overtime pay for overtime hours.

46. Plaintiffs and all similarly situated technicians are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for whether their conduct was prohibited by the FLSA.

47. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated workers are entitled to recover an award of liquidated damages in an

amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime compensation, Plaintiffs and all similarly situated workers are entitled to an award of prejudgment interest at the applicable legal rate.

48. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiffs and all similarly situated workers. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiffs and all similarly situated workers demand judgment against Defendants and pray for:  (1) unpaid overtime wages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; (5) a declaration that the Defendants' actions are in violation of the FLSA; and (6) such other relief as the Court deems fair and equitable.

### Count II:  Violation of the Missouri Minimum Wage Law

49. Plaintiffs reassert and re-allege the allegations set forth above.

50. At all relevant times herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the MMWL.

51. The MMWL regulates, among other things the payment of overtime wages by employers.

52. During all times relevant to this action, Defendants were the "employer" of Plaintiffs within the meaning of the MMWL.

53. During all times relevant to this action, Plaintiffs were Defendants' "employees" within the meaning of the MMWL.

54. Pursuant to the MMWL, employees are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty hours in a workweek.

55. Defendants, pursuant to their policy and practice, violated the MMWL by refusing and failing to pay Plaintiffs overtime wages required under Missouri law. In the course of perpetrating these unlawful practices, Defendants have also failed to keep accurate records of the hours worked by its employees as required by the MMWL.

56. Plaintiffs are entitled to unpaid overtime wages as well as liquidated damages.

57. Plaintiffs are entitled to an award of pre-judgment interest at the applicable rate.

58. Defendants are liable under the MMWL for Plaintiffs' reasonable attorneys' fees and costs incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiffs demand judgment against Defendants and prays for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs; (4) pre-judgment and post-judgment interest as provided by law; (5) a declaration that the Defendants' actions are in violation of the FLSA; and (6) such other and further relief as the Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a trial by jury of all issues triable by jury.

Respectfully submitted,

**RIGGAN LAW FIRM, LLC**

  /s/ *Russell C. Riggan*
Russell C. Riggan  #53060
Samuel Moore  #58526
132 West Washington Avenue, Suite 100
Kirkwood, Missouri 63122
Phone:  314-835-9100
Fax:  314-735-1054
russ@rigganlawfirm.com
smoore@rigganlawfirm.com

*Attorneys for Plaintiffs*
*and others similarly situated*