**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JOSH WEGAT, et al.,            ) | |
|                                )| |
|     *Plaintiffs*,       ) | |
|                                )| |
| v.                             ) | Case No. 4:16-cv-01931 |
|                                )| |
| PROSTEAM CARPET CARE, LLC, et al.,  ) | |
|                                )| |
|     *Defendants*.       ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

In this matter, Plaintiffs Josh Wegat and Jeff Puglisi, individually and on behalf of others similarly situated (hereinafter collectively "Plaintiffs"), purport to bring claims under the Fair Labor Standards Act (hereinafter "FLSA") and the Missouri Minimum Wage Law (hereinafter "MMWL") against Defendants Prosteam Carpet Care, LLC (hereinafter "Prosteam"), Gina E. Krohn (hereinafter "Gina Krohn"), and James F. Krohn, II (hereinafter "James Krohn") (collectively the "Defendants"). Plaintiffs allege that Defendants did not properly compensate them for overtime work in violation of such laws.

Plaintiffs' Complaint is deficient and must be dismissed for multiple reasons pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. First, Plaintiffs fail to plead sufficient facts to support and employer-employee relationship between Plaintiffs and Defendants. Furthermore, Plaintiffs have failed to plead sufficient facts to support their overtime claims against Defendants under the FLSA and MMWL. Specifically, Plaintiffs failed to identify any single workweek in which they allege to have worked over forty (40) hours but were not properly compensated and did not receive overtime pay for such hours worked over forty (40).

Plaintiffs allegations contain nothing more than bare recitations of the statutory requirements under the FLSA and MMWL.

As enumerated below, Counts I and II of Plaintiffs Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim under the FLSA and MMWL by failing to meet the pleadings requirements set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure and the rulings of the United States Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### FACTUAL BACKGROUND

Plaintiffs filed their Complaint on December 13, 2016. Plaintiffs assert two claims in said Complaint, both for unpaid overtime: Count I – FLSA – Claim for unpaid overtime; Count II – MMLW – Claim for unpaid overtime.

### ARGUMENT

**A.** <u>**Legal Standard**</u>

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a Complaint against the pleadings requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face" *Twombly*, 550 U.S. at 570. While detailed factual allegations are not required, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Therefore, mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint survive a motion to dismiss where it tenders

"'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Using this standard, a complaint has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. This standard requires more than just a possibility that the defendant acted unlawfully. *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While it is true that well pleaded *facts* are entitled to an assumption of veracity, pleadings that are nothing more than conclusions or bare elements of a cause of action are not entitled to an assumption of truth. *Iqbal*, 556 U.S. at 679 (emphasis added). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Absent sufficient factual allegations, a plaintiff has not stated a plausible claim for relief, and cannot survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. Courts will not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* At 678-79. This serves to "eliminate those actions 'which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.'" *Terrell v. First Student Management LLC*, 4:16-cv-481-SNLJ, 2016 WL 6679847, at *2 (E.D. Mo. Nov. 14, 2016) (quoting *Young v. City of St. Charles*, 244 F.3d 623, 627 (8thd Cir. 2001) and *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).

3

B.      **Plaintiffs' Allegations as to Their Employer-Employee Relationship Are Factually Insufficient and Their Claims Should Be Dismissed.**

Plaintiffs bring this action against all three Defendants as joint employers of Plaintiffs and those similarly situated. However, Plaintiffs have failed to factually plead such employment at least as to Defendants James Krohn and Gina Krohn. Rather, Plaintiffs have pled the "formulaic recitation of the elements of a cause of action," offering "mere labels and conclusions." *Ash v. Anderson Merchandisers, LLC,* 799 F.3d 957 (8th Cir. 2015) (quoting *Iqbal,* 556 U.S. at 678). Plaintiffs are required to plead factual allegations that would "allow[] the court to draw the reasonable inference" of their alleged employers' right to control the nature of their work. See *Ash,* 799 F.3d at 961. Facts such as "the name on their business cards, the identity of their supervisors, the source of their work schedules, and the information they were given when they were hired…is this type of factual allegation that [would permit] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged as an employer. *Id.* (quoting *Iqbal*, 556 U.S. at 678). "However, without this type of factual allegation, the complaint is insufficient for failure to state a necessary element of the claim." *Id.*

Plaintiffs overtly declare all three Defendants to be their joint employer. See Complaint, ¶ 14. However, absent factual allegations to lend plausibility, such an allegation is insufficient. With regard to Defendant Prosteam, Plaintiffs do plead some of the factual indicia of employment as required by *Ash,* thereby lending some measure plausibility to the alleged employer-employee relations between those parties. See Complaint, ¶ 21. On the contrary, allegations as to James Krohn and Gina Krohn are factually deficient, conclusory in nature, and fail to give plausibility to Plaintiffs' claims. See Complaint, ¶¶ 12-13. "It is important to note that [plaintiffs are] not required to determine conclusively which of the three defendant[s]…[are] their employer at the pleadings stage..." *Ash*, 799 F.3d at 961. However, the pleadings standard

4

requires that Plaintiffs allege facts sufficient to state a plausible claim. *Id.* Without facts to support their allegation, the Complaint contains only the recitation of a legal conclusion, which is not enough to establish a plausible employer-employee relationship between the parties. *Id.* Therefore, Plaintiffs' Complaint should be dismissed against Defendants James Krohn and Gina Krohn for failure to state a claim upon which relief can be granted.

C. **Plaintiffs' Allegations as to Their Overtime Claims in Counts I and II Are Factually Insufficient and Should Be Dismissed.**

In Counts I and II of their Complaint, Plaintiffs assert Prosteam violated the FLSA and MMWL for purportedly failing to pay for overtime work.[1] Plaintiffs have failed to support these claims with well-pleaded facts, instead relying upon bare legal conclusions. The entirety of such overtime allegations are contained within five paragraphs of Plaintiffs' Complaint. Under "General Allegations", which were subsequently incorporated in the remaining counts of the Complaint, Plaintiffs state "…overtime pay was not paid for all hours worked in a workweek in excess of forty (40) hours per workweek," see Complaint, ¶ 17; Plaintiffs "regularly worked long hours per day and per workweek…and worked in excess of forty (40) hours per week on a regular basis," see Complaint, ¶ 19; and that Plaintiffs were "denied overtime pay unlawfully, in violation of the FLSA." See Complaint, ¶ 34. In support of Plaintiffs' FLSA claim (Count I), Plaintiffs sole allegation regarding Prosteam's purported misconduct concludes Defendants "fail[ed] to provide Plaintiffs and other similarly situated workers with overtime pay." See Complaint, ¶ 44. In support of Plaintiffs' MMWL claim (Count II), the sole allegation regarding

---

[1] Section 290.505.4 of the MMWL expressly provides that "[e]xcept as may be otherwise provided under sections 290.500 to 290.530, this section shall be interpreted in accordance with the Fair Labor Standards Act [FLSA]…" Further, pursuant to Missouri Department of Labor regulations, except as otherwise provided by Missouri law, the interpretation and enforcement of the MMWL follows the Federal Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. Section 201 et seq. 8 C.S.R. § 30-4.010. Therefore, the reasons why Plaintiffs' overtime claims fail under the FLSA equally apply to Plaintiffs' overtime claims under the MMWL.

5

said cause of action alleges that Defendants "violated the MMWL by refusing and failing to pay Plaintiffs overtime wages required under Missouri law." See Complaint, ¶ 55. Plaintiffs' Complaint does nothing more than restate the statutory elements for FLSA and MMWL claims in a conclusory fashion.

Other courts agree[2] that to survive a motion to dismiss an FLSA overtime claim, a plaintiff may establish a plausible claim by alleging that they "worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that [specific] workweek." See *Landers v. Quality Communications, Inc.,* 771 F.3d 638, 641 (9th Cir. 2014). Although *Landers* is not controlling, *Terrell* is at least the second case within this Circuit to have applied the *Landers* standard and required "allegations where the plaintiffs identified (1) policies that support their overtime claims, and (2) pay periods for which plaintiffs were not paid sufficient overtime." See *Terrell*, 2016 WL 6679847, at *5, and *Shoots v. iQor Holdings US Inc.,* 15-CV-563 (SRN/SER), 2015 WL 6150862, at *15 (D. Minn. Oct. 19, 2015). A plausible claim may be established where a plaintiff provides the length of an average workweek, the amount of overtime wages he believes he is owed, or any other facts that will permit the court to find

---

[2] See *DeJesus v. HF Management Services, LLC,* 726 F.3d 85, 87 (2d Cir. 2013) (allegations that plaintiff worked more than forty hours per week during some or all weeks of her employment and was not paid overtime was only a recitation of the statutory language of the FLSA and insufficient to state a claim); *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012) (allegation plaintiffs regularly worked over 40 hours a week and were not compensated was a paraphrase of FLSA and "while not stating an ultimate legal conclusion are nevertheless so threadbare or speculative that [they] fail to cross the line between the conclusory and the factual"); *Nakahata v. New York-Presbyterian Healthcare System, Inc.,* 723 F.3d 192, 201 (2d Cir. 2013) (In alleging that Plaintiffs were not paid overtime hours worked, including alleging that plaintiffs were not compensated for work performed during meal breaks, before and after shifts, or during required trainings, plaintiffs' raise the possibility that they were undercompensated in violation of the FLSA, but absent allegations that Plaintiffs worked in excess of forty hours in a given week, plaintiffs did not state a plausible claim for relief.); *Jones v. Casey's General Stores*, 538 F.Supp. 2d 1094, 1102 (S.D. Iowa 2008) (complaint should at least approximately allege the hours worked for which wages were not received.); *Evans v. Joy*, 2012 WL 3868083, at *2 (D. Neb. Sept. 6, 2012) (dismissing claim for overtime where complaint failed to allege any facts to support such claim, including scheduled work hours, number of uncompensated hours, or when plaintiff worked such hours); *Bailey ex rel. v. Border Foods, Inc.,* 2009 WL 3248305, at *2 (D. Minn. Oct. 6, 2009) (dismissing FLSA wage claim based on conclusory allegations where plaintiffs failed to plead sufficient facts to support their FLSA claims).

plausibility. *Landers*, 771 F.3d at 645. "Obviously, with the pleading of more specific facts, the closer the complaint moves toward plausibility." *Id.*

Although plaintiffs may have identified a general policy supporting their overtime claims, they have failed to allege any specific facts regarding weeks for which overtime was improperly withheld. *Terrell*, 2016 WL 6679847, at *5. Alleging general policies in support of overtime claims without offering any facts regarding how these violations work in practice, will not satisfy the pleadings requirements of Rule 8. See *id.* "[A]t a minimum, a plaintiff asserting a violation of the FLSA overtime provision must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked…during that week." *Landers*, 771 F.3d at 645. Applying such a standard, Plaintiffs fail to allege facts showing that there was a given week in which they were entitled to but denied overtime wages. See *Id.* (stating "[n]otably absent from the allegations in [plaintiff's] complaint…was any detail regarding a given workweek when [plaintiff] worked in excess of forty hours and was not paid overtime for that given workweek…[P]laintiffs in these types of cases cannot be expected to allege 'with mathematical precision,' the amount of overtime compensation owed by the employer, [but] they should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages."). Mere statements that a plaintiff regularly or consistently worked more than forty hours but was not paid overtime cannot satisfy the pleading requirements of Rule 8. *Id.* At 642.

Plaintiffs' Complaint fails to meet this plausibility standard. Plaintiffs merely state that "overtime pay was not paid", Plaintiffs "regularly worked long hours", and were "denied overtime pay…in violation of the FLSA" and "MMWL by refusing and failing to pay Plaintiffs overtime wages…" Plaintiffs have not identified a single workweek in which one Plaintiff

7

worked over forty (40) hours and did not receive overtime for the time that they worked over forty (40) hours. Such general and conclusory allegations cannot sustain a cause of action and both Counts of Plaintiffs' Complaint should be dismissed for failing to meet the pleadings standards for overtime claims under the FLSA and MMWL.

## CONCLUSION

Plaintiffs' Complaint must be dismissed because they have failed to satisfy the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, as enumerated by the United States Supreme Court in *Iqbal* and *Twombly*. Wherefore the above mentioned reasons, Defendants respectfully request this Court dismiss Plaintiffs' Complaint and for such other relief and this Court deems just and proper.

Respectfully submitted,

By: /s/ S. Clayton Spoeneman
S. Clayton Spoeneman #66250MO
Steven E. Spoeneman #29384MO
SPOENEMAN, HUDGENS & LORD, LLC
231 S. Bemiston, Suite 800
St. Louis, Missouri 63105
Telephone: 314-862-1110
Facsimile: 314-862-1105
Email: clay@spoenemanlaw.com
steve@spoenemanlaw.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on this 5th day of January, 2017 upon the following:

Russell C. Riggan, Attorney for Plaintiffs and others similarly situated
Samuel Moore, Attorney for Plaintiffs and others similarly situated

/s/ S. Clayton Spoeneman