UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSH WEGAT, et al. ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| vs. ) | No. 4:16-cv-1931 HEA |
| ) | |
| PROSTEAM CARPERT CARE LLC , ) | |
| et al., ) | |
| ) | |
|     Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss, [Doc. No. 9], and Plaintiffs' Motion to Certify Class, [Doc. No. 16]. The parties oppose the other's motion. For the reasons set forth below, the Motion to Dismiss is granted. The Motion to Certify is denied as moot, without prejudice to refiling.

**Facts and Background**

Plaintiffs are carpet cleaning technicians who bring this action on behalf of themselves and a similarly situated class of plaintiffs against their employers. Plaintiffs contend that even though they are classified as "independent contractors," they are, in reality, employees of the LLC and the individual defendants. Plaintiffs allege that Defendants have violated the Fair Labor Standards Act, 29 U.S.C. § 216(b), *et seq*. ("FLSA") and the Missouri Minimum

Wage Law, § 290.500 RSMo, *et seq*. ("MMWL"). Defendants have moved to dismiss, and the matter has now been fully briefed.

According to the complaint, Defendants are engaged in the business of residential and commercial cleaning of flooring and upholstery, with a specific focus on carpet cleaning. Defendants employ technicians to perform cleaning services for Defendants' customers. Plaintiffs have performed work for Defendants as technicians.

Plaintiffs allege that although Defendants have classified Plaintiffs as "independent contractors," Plaintiffs were in reality employees of Defendants. The hours worked by Plaintiffs and those similarly situated were not recorded by Defendants; expenses for travel and related work expenses were not fully reimbursed; and overtime pay was not paid for all hours worked in a workweek in excess of forty (40) hours per workweek. By failing to record, report, and/or preserve accurate records of hours worked by Plaintiffs and other similarly situated employees, Defendants have failed to make, keep, and preserve records with respect to each of their workers/employees sufficient to determine their employee wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

Plaintiffs and those similarly situated regularly worked long hours per day and per workweek in order to complete jobs assigned to them by Defendants.

Plaintiffs and other similarly situated employees worked in excess of forty (40) hours per week on a regular basis.

At the time of being hired by Defendants, Plaintiffs had no previous experience working in Defendants' industry. Plaintiffs and other similarly situated workers were required by Defendants to undergo initial training by doing a "ride-along" with an experienced technician for multiple days, and Defendants provided no pay for this required initial training. After their initial training, Plaintiffs and other similarly situated workers received ongoing training/instruction from Defendants as to how to perform their job.

Per Defendants' policy and practice, if a customer's carpet has to be re-cleaned, the technician originally assigned to that job either has to return to the customer's location and re-clean the carpet for no additional pay, or Defendants send another technician to do the re-clean job and pay that other technician a fee, and then the fee is deducted from the paycheck of the original technician.

Plaintiffs and other similarly situated technicians were required by Defendants to take Defendants' company vehicles and other equipment to a third party shop for repairs and wait for the vehicles to be repaired, and they were not compensated for that work time.

Plaintiffs and other similarly situated technicians were required by Defendants to visit potential customer locations to "bid" jobs. Plaintiffs and other

similarly situated technicians were not compensated for that work time.  Plaintiffs and other similarly situated technicians were required by Defendants to attend mandatory sales meetings, and they were not compensated for that work time.

In addition to failing and refusing to pay overtime pay for time spent working on assigned cleaning jobs, Plaintiffs and other similarly situated employees were not compensated at all for time they spent on other work related tasks, such as travel time, time in meetings/training, time spent performing preparatory tasks at Defendants' shop at the beginning of the work day, time spent performing tasks at Defendants' shop at the end of the work day, time spent obtaining repairs on Defendants' equipment, time spent at potential customer locations for job bids, etc.

As a result of being misclassified unlawfully as independent contractors, Plaintiffs and other similarly situated employees were denied overtime pay unlawfully, in violation of the FLSA.  The deliberate failure of Defendants to pay Plaintiffs and those similarly situated their earned wages and overtime compensation violates the FLSA. The net effect of the policies and/or practices maintained and administered by Defendants, instituted and approved by company managers, is that Defendants willfully failed to pay wages owed and willfully failed to keep accurate time records to save payroll costs. Defendants thus enjoyed ill-gained profits at the expense of its workers.

Plaintiffs allege Defendants actions violate both the FLSA and the MMWL.

## Motion to Dismiss Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

Under Fed.R.Civ.P. 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Fed.R.Civ.P. 8(a)(2) requires a plaintiff to give "a short and plain

statement showing that the pleader is entitled to relief." Courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group,* 592 F.3d 893, 896 n. 4 (8th Cir.2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679. The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens,* 619 F.3d 867, 872–73 (8th Cir.2010).

## Discussion

With regard to Plaintiffs' overtime claims under the FLSA and MMWL, Defendants argue that the allegations are nothing more than boilerplate legal conclusions devoid of any factual support. Defendants suggest that Plaintiffs should specify at least one workweek in which they worked in excess of 40 hours and were not paid overtime. In support, Defendants cite *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644–46 (9th Cir. 2014) (holding plaintiff "must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week"), which is not controlling authority in the Eighth Circuit. Regardless, at least two district court in this Circuit has applied the *Landers* standard and accepted allegations where the plaintiffs identified (1) policies that support their overtime claims, and

(2) pay periods for which plaintiffs were not paid sufficient overtime (with supporting time record information). *Shoots v. iQor Holdings US Inc.*, 15-CV-563 (SRN/SER), 2015 WL 6150862, at *15 (D. Minn. Oct. 19, 2015); *Terrell v. First Student Management LLC*, 4:16-cv-481-SNLJ, 2016 WL 6679847, at *3 (E.D. Mo. Nov. 14, 2016)(following *Landers* and *Shoots*).

Plaintiffs have identified the general policies supporting their overtime claims, but they fail to allege any specific facts regarding weeks for which overtime was improperly withheld. The "policies" identified by Plaintiff include, for example, the allegations that Defendants require unpaid training, re-cleaning without pay, travel times, and maintenance time. But plaintiffs do not offer any facts regarding how this might have looked in practice for any specific technician. The Court will dismiss the Complaint without prejudice to Plaintiffs' refiling an Amended Complaint in this matter alleging those necessary facts. *See Iqbal*, 556 U.S. at 678.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Doc. No. 9] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Complaint is **DISMISSED** with prejudice.

7

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Certify Class, [Doc. NO. 16], is denied as moot, without prejudice to refiling in the event Plaintiffs file an Amended Complaint.

**IT IS FURTHER ORDERED** that plaintiffs may file an Amended Complaint in accordance with this Opinion, Memorandum and Order within 14 days from the date of this Order.

Dated this 11th day of August, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE