**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSH WEGAT, et al.,** | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| **v.** | ) | **No. 4:16-cv-1931 HEA** |
| | ) | |
| **PROSTEAM CARPET CARE, LLC, et al.,** | ) | |
| | ) | |
| *Defendants*. | ) | |

<u>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS FIRST AMENDED COMPLAINT**</u>

In this matter, Plaintiffs Josh Wegat and Jeff Puglisi, individually and on behalf of others similarly situated (hereinafter collectively the "Plaintiffs"), purport to bring claims under the Fair Labor Standards Act and the Missouri Minimum Wage Law against Defendants, Prosteam Carpet Care, LLC, James F. Krohn, II, and Gina E. Krohn (hereinafter collectively the "Defendants"). Plaintiffs have failed to state a claim upon which relief can be granted, and Plaintiffs' First Amended Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Facts and Procedural History**

Plaintiffs are carpet cleaning technicians who bring this action against Defendants claiming they have not been compensated for overtime hours worked in violation of the Fair Labor Standards Act, 29 U.S.C. § 216(b), et seq. and the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500, et seq. Defendants moved to dismiss for failure to state a claim upon which relief can be granted, and this Court dismissed Plaintiffs' Complaint without prejudice to filing an Amended Complaint, finding that "Plaintiffs [Complaint] identified the general policies supporting their overtime claims, but [Plaintiffs] fail to allege any specific facts regarding weeks for which

overtime was improperly withheld...[and] [P]laintiffs [did] not offer any facts regarding how this might have looked in practice for any specific technician." [Doc. No. 19 at p. 7].

Plaintiffs subsequently filed their First Amended Complaint. [Doc. No. 20]. The First Amended Complaint is identical to the original Complaint with the only change being the addition of paragraphs 20 through 26. As the remainder of Plaintiffs' First Amended Complaint is otherwise unchanged from the original Complaint which the Court already found failed to plead any facts in support of their claims, Defendants hereby incorporate herein by reference their previously filed Memorandum in Support of Defendants' Motion to Dismiss [Doc. No. 17] with regards to these otherwise portions of Plaintiffs' First Amended Complaint, and now address the inadequacy of these few, additional paragraphs.

### Legal Standard

"To survive a motion to dismiss, a claim must be facially plausible, meaning that the '*factual content*…allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.,* 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (emphasis added). Conclusory statements are insufficient to find a claim facially plausible. See *Iqbal*, 556 U.S. at 678. While overly detailed factual allegations are not required, the Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. "Nor will a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*.

### Argument

Plaintiffs' First Amended Complaint does not meet the above pleadings standard. Plaintiffs sole new allegations in the First Amended Complaint only plead general policies and naked assertions devoid of factual enhancement, specifically failing to identify "any facts regarding how

this might have looked in practice for any specific technician." Plaintiffs' newly pled allegations are as follows:

> **Paragraph 20:** "More specifically, Plaintiffs and other similarly situated technicians were scheduled to work Monday through Friday, and often were scheduled to work Saturdays as well."

Defendants scheduling policy makes no factual allegation as to how such policy looked in practice for any specific Plaintiff technician. As such, this allegation raises no inference of facial plausibility without further factual enhancement.

> **Paragraph 21:** "On work days, technicians were typically required to appear at Defendants' business location between 7:00 AM and 7:30 PM."

Again, such policy allegation does not provide for the manner in which such policy affected any Plaintiff.

> **Paragraph 22:** "For each work day, technicians were typically given job assignments that fell into four distinct 'appointment' blocks': 9:00 AM to 10:00 AM, 10:00 AM to 1:00 PM, 1:00 PM to 4:00 PM, and 4:00 PM to 7:00 PM. Often technicians would be directed to complete multiple jobs in a single appointment block"

Plaintiffs again try to bootstrap their claim to Defendants' scheduling policy rather than alleging actual hours worked by a given technician.

> **Paragraph 23:** "Defendants required their technicians to arrive at the first job assignment of the day by 8:00 AM.

Again, Plaintiffs plead a required policy, but have not pled any statement of fact that on a given day or week any one technician engaged in such activity to allow the Court to draw the inference in support of their overtime claims.

> **Paragraph 24:** "Plaintiffs routinely returned back to Defendant's [sic] business location after completing the last assignment, well after 5:00 PM, and there were occasions when they returned to Defendant's [sic] business location as late as 9:00 or 10:00 PM.

Plaintiffs finally assert some factual, rather than policy, allegation. However, having only alleged that Plaintiffs routine returned after 5:00 PM does not permit the inference that Plaintiffs have a plausible claim for unpaid overtime. Plaintiffs make no factual allegation that on a given workweek any particular technician arrived at 8:00 AM, returned after 5:00 PM, and did so for in such a manner or for such duration throughout the week that he worked in excess of 40 hours without overtime compensation. The allegation that sometimes Plaintiffs returned after 5:00 PM, without additional facts, as suggested above, lend no plausibility to Plaintiffs' overtime claims.

> **Paragraph 25:** "As a consequence of the above-described work schedule and the duties/job requirements of Defendants' technicians set forth herein, Plaintiffs routinely worked 55 to 60 hours a week, and sometimes more depending on the amount of jobs [sic] assignment [sic] received per week and the amount of time required to complete each job. Defendants' other technicians similarly worked well over forty hours per work week on a regular basis. Plaintiffs and other similarly situated technicians were not provided overtime compensation for the overtime hours that they worked."

This conclusion is merely a naked assertion without any factual enhancement to support same. *Id*. In failing to offer additional facts as to how such a week looked in practice for any specific technician, this is precisely the unadorned "the defendant-unlawfully-harmed-me" type of accusation *Iqbal* finds insufficient to state a claim.

> **Paragraph 26:** "Plaintiff Wegat worked more than 40 hours per week – without receiving overtime pay – in multiple work weeks, including but not necessarily limited to the following: the workweeks ending on October 17, 2015; October 24, 2015, October 31, 2015; November 14, 2015; and/or June 18, 2016. Plaintiff Puglisi worked more than 40 hours per week – without receiving overtime pay – in multiple work weeks, including but not necessarily limited to the following: the workweeks ending on November 15, 2014; November 22, 2014; March 14, 2015; May 9, 2015; June 13, 2015; and/or June 11, 2016."

This allegation is again a naked assertion that is conclusory in nature. Without the support of additional statements of fact, Plaintiffs unadorned conclusions do not rise to the level of plausibility. Numerous courts within this Circuit agree that Plaintiffs must provide some factual

basis for its conclusion regarding unpaid overtime claims.[1] An allegation that Plaintiffs worked more than forty hours per week during some, or even all, weeks of their employment and were not paid overtime, without supporting factual allegations, is only a recitation of statutory language and so threadbare that it fails to cross the line between conclusory and factual.[2] As such, Plaintiffs have not pled facts that sufficient to state a claim upon which relief can be granted. Plaintiffs have done little more than in their original Complaint, relying upon policy and unadorned conclusions rather than facts.

Therefore, Plaintiffs First Amended Complaint is factual deficient and does not state a facially plausible claim. Defendants should not continually be forced to defend a complaint so "fatally flawed in [its] legal premises [that it is] deigned to fail." See *Young v. City of St.* Charles, 244 F.3d 623, 627 (8th Cir. 2001). Having again failed to meet the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, as enumerated by the United States Supreme Court in *Iqbal*, Defendants respectfully request this Court dismiss Plaintiffs' First Amended Complaint with prejudice, and for such other relief this Court deems just and proper.

---

[1] *Jones v. Casey's General Stores*, 538 F.Supp. 2d 1094, 1102 (S.D. Iowa 2008) (complaint should at least approximately allege the hours worked for which wages were not received.); *Evans v. Joy*, 2012 WL 3868083, at *2 (D. Neb. Sept. 6, 2012) (dismissing claim for overtime where complaint failed to allege any facts to support such claim, including an approximation of hours worked or the number of uncompensated hours); *Bailey ex rel. v. Border Foods, Inc.,* 2009 WL 3248305, at *2 (D. Minn. Oct. 6, 2009) (dismissing FLSA wage claim based on conclusory allegations where plaintiffs failed to plead sufficient facts to support their FLSA claims).

[2] See *DeJesus v. HF Management Services, LLC,* 726 F.3d 85, 87 (2d Cir. 2013) (allegations that plaintiff worked more than forty hours per week during some or all weeks of her employment and was not paid overtime was only a recitation of the statutory language of the FLSA and insufficient to state a claim); *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012) (allegation plaintiffs regularly worked over 40 hours a week and were not compensated was a paraphrase of FLSA and "while not stating an ultimate legal conclusion are nevertheless so threadbare or speculative that [they] fail to cross the line between the conclusory and the factual").

Respectfully submitted,


By:/s/ S. Clayton Spoeneman
S. Clayton Spoeneman #66250MO
Steven E. Spoeneman #29384MO
SPOENEMAN, HUDGENS & LORD, LLC
231 S. Bemiston, Suite 800
St. Louis, Missouri 63105
Telephone: 314-862-1110
Facsimile: 314-862-1105
Email: clay@spoenemanlaw.com
        steve@spoenemanlaw.com
Attorneys for Defendants


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on this 8th day of September, 2017 upon the following:

Russell C. Riggan, Attorney for Plaintiffs and others similarly situated
Samuel Moore, Attorney for Plaintiffs and others similarly situated


/s/ S. Clayton Spoeneman

6