UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSH WEGAT, et al. | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) No. 4:16-cv-1931 HEA ) |
| PROSTEAM CARPERT CARE LLC , et al., | ) ) ) |
| Defendants. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss, [Doc. No. 21]. Plaintiffs have filed opposition to the motion. For the reasons set forth below, the Motion to Dismiss is denied.

### Facts and Background

Plaintiffs' First Amended Complaint alleges that: Plaintiffs are carpet cleaning technicians who bring this action on behalf of themselves and a similarly situated class of plaintiffs against their employers. Plaintiffs contend that even though they are classified as "independent contractors," they are, in reality, employees of the LLC and the individual defendants. Plaintiffs allege that Defendants have violated the Fair Labor Standards Act, 29 U.S.C. § 216(b), *et seq.* ("FLSA") and the Missouri Minimum Wage Law, § 290.500 RSMo, *et seq.* ("MMWL"). Defendants' Motion to Dismiss Plaintiffs' Complaint was granted

and the Court allowed Plaintiffs to amend.  In their First Amended Complaint, Plaintiffs again allege that Defendants are engaged in the business of residential and commercial cleaning of flooring and upholstery, with a specific focus on carpet cleaning.  Defendants employ technicians to perform cleaning services for Defendants' customers.  Plaintiffs have performed work for Defendants as technicians.

Plaintiffs further allege that although Defendants have classified Plaintiffs as "independent contractors," Plaintiffs were in reality employees of Defendants.  The hours worked by Plaintiffs and those similarly situated were not recorded by Defendants; expenses for travel and related work expenses were not fully reimbursed; and overtime pay was not paid for all hours worked in a workweek in excess of forty (40) hours per workweek.  By failing to record, report, and/or preserve accurate records of hours worked by Plaintiffs and other similarly situated employees, Defendants have failed to make, keep, and preserve records with respect to each of their workers/employees sufficient to determine their employee wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

Plaintiffs and those similarly situated regularly worked long hours per day and per workweek in order to complete jobs assigned to them by Defendants.

Plaintiffs and other similarly situated employees worked in excess of forty (40) hours per week on a regular basis.

At the time of being hired by Defendants, Plaintiffs had no previous experience working in Defendants' industry. Plaintiffs and other similarly situated workers were required by Defendants to undergo initial training by doing a "ride-along" with an experienced technician for multiple days, and Defendants provided no pay for this required initial training. After their initial training, Plaintiffs and other similarly situated workers received ongoing training/instruction from Defendants as to how to perform their job.

Per Defendants' policy and practice, if a customer's carpet has to be re-cleaned, the technician originally assigned to that job either has to return to the customer's location and re-clean the carpet for no additional pay, or Defendants send another technician to do the re-clean job and pay that other technician a fee, and then the fee is deducted from the paycheck of the original technician.

Plaintiffs and other similarly situated technicians were required by Defendants to take Defendants' company vehicles and other equipment to a third party shop for repairs and wait for the vehicles to be repaired, and they were not compensated for that work time.

Plaintiffs and other similarly situated technicians were required by Defendants to visit potential customer locations to "bid" jobs. Plaintiffs and other

similarly situated technicians were not compensated for that work time.  Plaintiffs and other similarly situated technicians were required by Defendants to attend mandatory sales meetings, and they were not compensated for that work time.

In addition to failing and refusing to pay overtime pay for time spent working on assigned cleaning jobs, Plaintiffs and other similarly situated employees were not compensated at all for time they spent on other work related tasks, such as travel time, time in meetings/training, time spent performing preparatory tasks at Defendants' shop at the beginning of the work day, time spent performing tasks at Defendants' shop at the end of the work day, time spent obtaining repairs on Defendants' equipment, time spent at potential customer locations for job bids, etc.

As a result of being misclassified unlawfully as independent contractors, Plaintiffs and other similarly situated employees were denied overtime pay unlawfully, in violation of the FLSA.  The deliberate failure of Defendants to pay Plaintiffs and those similarly situated their earned wages and overtime compensation violates the FLSA. The net effect of the policies and/or practices maintained and administered by Defendants, instituted and approved by company managers, is that Defendants willfully failed to pay wages owed and willfully failed to keep accurate time records to save payroll costs. Defendants thus enjoyed ill-gained profits at the expense of its workers.

The First Amended Complaint adds the following allegations:

More specifically, Plaintiffs and other similarly situated technicians were scheduled to work Monday through Friday, and often were scheduled to work Saturdays as well.

On work days, technicians typically were required to appear at Defendants' business location between 7:00 AM and 7:30 AM.

For each work day, technicians typically were given job assignments that fell into four distinct "appointment blocks": 8:00 AM to 10:00 AM, 10:00 AM to 1:00 PM, 1:00 PM to 4:00 PM, and 4:00 PM to 7:00 PM. Often technicians would be directed to complete multiple jobs in a single appointment block.

Defendants required their technicians to arrive at the first job assignment of the day by 8:00 AM.

Plaintiffs routinely returned to Defendant's business location after completing the last assignment, well after 5:00 PM, and there were occasions when they returned to Defendant's business location as late as 9:00 or 10:00 PM.

As a consequence of the above-described work schedule and the duties/job requirements of Defendants' technicians set forth herein, Plaintiffs routinely worked 55 to 60 hours a week, and sometimes more depending on the amount of jobs assignment received per week and the amount of time required to complete each job. Defendants' other technicians similarly worked well over forty hours per work week on a regular basis. Plaintiffs and other similarly situated technicians were not provided overtime compensation for the overtime hours that they worked.

Plaintiff Wegat worked more than 40 hours per week – without receiving overtime pay – in multiple work weeks, including but not necessarily limited to the following: the workweeks ending on October 17, 2015; October 24, 2015; October 31, 2015; November 14, 2015; and/or June 18, 2016. Plaintiff Puglisi worked more than 40 hours per week – without receiving overtime pay – in multiple work weeks, including but not necessarily limited to the following: the workweeks ending on November

5

15, 2014; November 22, 2014; March 14, 2015; May 9, 2015; June 13, 2015; and/or June 11, 2016.

Plaintiffs allege Defendants actions violate both the FLSA and the MMWL.

## Motion to Dismiss Standard

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).  In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.' " *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[O]n the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the

allegations in the complaint must "raise a right to relief above the speculative level." *Id.* at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.)

*Twombly* is based on the principles that (1) the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678-79. Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at 679. Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

7

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly,* 550 U.S. at 556; *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged).

When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 558; *Iqbal*, 556 U.S. at 679.

## Discussion

With regard to Plaintiffs' overtime claims under the FLSA and MMWL, Defendants again argue that Plaintiffs have failed to set forth sufficient facts to establish a plausible claim. Defendants previously suggested that Plaintiffs should specify at least one workweek in which they worked in excess of 40 hours and were not paid overtime. In support, Defendants cited *Landers v. Quality Commc'ns, Inc*., 771 F.3d 638, 644–46 (9th Cir. 2014) (holding plaintiff "must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week"). Plaintiffs have now identified specific weeks for which overtime was improperly withheld. Plaintiffs also offer specific facts regarding how the policies looked in practice, for example, requiring technicians to appear at business locations between

8

7:00 AM and 7:30 PM; the different work blocks which would require technicians to work overtime; requiring technicians to arrive at the first assignment by 8:00 AM; Plaintiffs routinely completing the last assignment well after 5:00 PM.  These new allegations, combined with the previous allegations that Defendants failed to keep records of the times worked in order to avoid overtime pay, sufficiently allege enough facts to avoid dismissal. Plaintiffs allege that employees worked over 40 hours in one or more work weeks and were not properly compensated overtime. Plaintiff alleges reasons why overtime was not properly calculated, Plaintiff has plausibly stated weeks in which employees would have worked more than 40 hours that week and not been properly compensated, e.g. weeks where more than 40 hours were worked by an employee by working at more than one location. The Court finds these allegations are sufficient.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Doc. No. 21] is **DENIED**.

Dated this 31st day of July, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE